**Rabije MICOVIC, Petitioner,**

v.

**Edward J. McELROY, Assistant District Director, United States Department of Justice, Immigration and Naturalization Service, Respondents.**

**No. 92 Civ. 2684 (CSH).**

United States District Court,
S.D. New York.

April 30, 1992.

Paul I. Freedman, New York City, for petitioner.

Otto G. Obermaier, U.S. Atty., Diogenes P. Kekatos, Asst. U.S. Atty., New York City, for respondents.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Petitioner Rabije Micovic attempted to enter the United States from Yugoslavia by means of a fraudulent "green card." She is currently being detained by the Immigration and Naturalization Service ("INS") pending the completion of exclusion proceedings against her. A hearing date before an Immigration Judge has been scheduled for July 8, 1992, when the Immigration Judge will consider petitioner's claim to political asylum. That claim is not before me. I express no opinion on it.

Petitioner, through her attorney, requested respondent McElroy, an Assistant District Director of INS, for release on parole pending determination of her status. The INS denied that request. Petitioner seeks emergency relief from this Court by writ of habeas corpus.

Respondent McElroy denied petitioner's request for parole in a letter dated April 2, 1992 addressed to her attorney. Respondent set forth the statutory and regulatory scheme pursuant to which he considered petitioner's request. He first concluded that petitioner did not fall within the regulatory criteria for granting parole to aliens arriving with false documentation. *See* 8 C.F.R. §§ 235.3(b); 212.5(a). McElroy's letter of April 2, 1992 then goes on to say:

> Furthermore, even assuming that Ms. Micovic met the threshold criteria for parole consideration, it would be difficult to conclude that she is not a risk to abscond were she to be released, especially in consideration that Ms. Micovic entered the country a counterfeit U.S.

Government document. [sic] According to her sworn statement, she stated that she paid a man $4,000 U.S. dollars for the aforementioned document, and that she wanted to be here to stay with her fiance. Ms. Micovic has clearly demonstrated an inclination to remain in the United States by any means available. Her unlawful effort to enter the United States, and the possibility that she will be deported leads to a conclusion that Ms. Micovic would present a risk to abscond if her application for asylum was denied while she was paroled into the United States.

Ms. Rabije Micovic obviously ignored the proper, lawful procedures and chose to attempt to enter the United States uninvited and unlawfully. Such a course of conduct can not be condoned and has resulted in Ms. Rabije Micovic's continuing detention pursuant to statute, regulation and INS guidelines until exclusion proceedings in her case are concluded.

Petitioner has relatives resident in New York City. A number of them appeared at the hearing on the present petition. They offer to post a bond of $7,000.

In *Bertrand v. Sava*, 684 F.2d 204, 212 (2d Cir.1982), the Second Circuit stated that parole decisions made by the Attorney General or his designees (such as McElroy) pursuant to 8 U.S.C. § 1182(d)(5) must be based on " 'a facially legitimate and bona fide reason' " (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972)). In the case at bar, respondent McElroy stated his reason for refusing to parole petitioner. Respondent regards petitioner as posing a risk of flight. That is a facially legitimate and bona fide reason. It makes no difference in law that I might disagree with the respondent's assessment of the risk of flight. *Bertrand* teaches that the Attorney General's decision to deny parole "may not be challenged on the grounds that the discretion was not exercised fairly in the view of a reviewing court or that it gave too much weight to certain factors relevant to the risk of abscondence and too little to others." *Id.* at 212. Petitioner has the "heavy burden" of proving

that the Attorney General's broad statutory discretion under 8 U.S.C. § 1182(d)(5) "was not exercised or was exercised irrationally or in bad faith," *Bertrand* at 213.

Petitioner contends that in responding to her application for parole, the INS responded both irrationally and in bad faith. Her principal criticism, advanced on oral argument, is that the INS has never interviewed her with the assistance of an interpreter who speaks the Albanian language. Apparently the interview at the attempted port of entry, JFK Airport, which resulted in petitioner's detention was conducted in the Serbo–Croation language. Although in her Request for Asylum in the United States Form dated March 23, 1992 petitioner lists as "languages spoken" Albanian and Serbo–Croation, she states in her present petition that she had great difficulty in understanding the questions put to her in Serbo–Croation when she was detained. She argues that INS's failure to interview her in Albanian at the time of detention, or subsequently in response to her request for parole, constitutes bad faith.

That failure, petitioner argues further, resulted in respondent McElroy's irrational decision not to grant her parole. In that regard petitioner focuses upon McElroy's expressed view that she "has clearly demonstrated an inclination to remain in the United States by any means available." Petitioner argues that McElroy could not rationally arrive at such a conclusion without the benefit of an in-depth interview conducted in Albanian, the language which petitioner truly understands.

These contentions do not suffice to sustain petitioner's heavy burden of showing that respondent McElroy and the INS acted irrationally or in bad faith. It was not irrational for McElroy to conclude that petitioner's attempt to enter the United States with false documents and the timing of her request for asylum, first asserted only after the false green card failed to do the trick and petitioner was detained, presented a risk that petitioner would "abscond if her application for asylum was denied while she was paroled into the United

States." Nor is there substance to petitioner's complaint that she has not yet been interviewed in Albanian. Petitioner disputes neither the falsity of the document by which she sought entry into the United States, nor the timing of her request for asylum. These are the facts upon which McElroy relied in denying her request for parole. They are not affected in any way by the language in which the pre-detention interview was conducted, or petitioner's relative degrees of comprehension between Albanian and Serbo–Croation. Presumably at the hearing before the Immigration Judge steps will be taken to ensure the attendance of an interpreter able to guarantee petitioner's comprehension of what is said to her and the Immigration Judge's comprehension of what she says at the hearing.

In the brief and at argument petitioner's counsel referred to a number of cases where district judges in this District or the Eastern District had granted parole in INS matters. The record does not reveal the details or circumstances of those cases, and I will not consider counsel's anecdotal accounts which are *dehors* the record. The cases referred to are of no assistance in resolving the case at bar.

Petitioner's application for an order directing her release on parole is denied. The petition is dismissed.

It is SO ORDERED.